UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MARK MCGRIFF and WILLIAM NIX, as
Trustees of, and on behalf of, the INDIANA
STATE COUNCIL OF CARPENTERS
PENSION FUND,

            Plaintiffs,

v.

SCHENKEL & SONS INC.

and

SCHENKEL CONSTRUCTION INC.

            Defendants.

Cause No. 14-cv-01742-TWP-MPB

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND REQUEST FOR ATTORNEYS' FEES**

      The Indiana State Council of Carpenters Pension Fund (the "Fund") initiated this action to collect statutorily authorized interim withdrawal liability payments while Schenkel & Sons, Inc. ("Schenkel & Sons") challenged its withdrawal liability assessment in arbitration. The Arbitrator concluded that the Fund must wait until the natural expiration of Schenkel & Sons' Collective Bargaining Agreement ("CBA")—approximately 14 months—before Schenkel & Sons can be assessed for a complete withdrawal. If Schenkel & Sons challenges a future assessment, then an arbitrator can determine the applicability of the construction industry exception to withdrawal liability. As part of the Award, the Arbitrator *specifically considered and rejected* Schenkel & Sons' requests for its attorneys' fees.

      Ignoring that the Arbitrator's decision is dispositive as to any issue relating to the withdrawal liability, including the attorneys' fees request, Schenkel & Sons now tries its luck

with this Court, moving for dismissal of the Fund's action for interim withdrawal liability payments and seeking to modify the Arbitrator's Award without complying with the requirements of the Multiemployer Pension Plan Amendments Act ("MPPAA"). Schenkel & Sons cites no authority that would allow the Court to grant the relief Schenkel & Sons seeks.

This Court should deny Schenkel & Sons' Motion to Dismiss and Request for Attorneys' Fees because (1) Schenkel & Sons offers no grounds on which to dismiss the Fund's interim payment collection action; (2) Schenkel & Sons cannot modify the Arbitrator's Award denying costs and fees through a motion to dismiss; and (3) Schenkel & Sons is not eligible to recover attorneys' fees in this collection action without having prevailed here. Accordingly, Schenkel & Sons' motion should be denied in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

**I.    SCHENKEL & SONS CHALLENGED ITS WITHDRAWAL LIABILITY ASSESSMENT THROUGH ARBITRATION.**

    **A.    The Fund Assessed Withdrawal Liability After Schenkel & Sons Shifted Operations To Schenkel Construction Inc.**

As alleged in the Complaint, the Fund assessed Schenkel & Sons withdrawal liability after determining that Schenkel & Sons ceased having an obligation to contribute to the Fund and continued operating through Schenkel Construction Inc. ("SCI") as an alter ego or single employer. (Dkt. 1, ¶¶ 12-14, 37.) The Fund concluded that SCI constituted an alter ego of, or single employer with Schenkel & Sons based, in part, on SCI's acquisition of Schenkel & Sons' equipment and property in a non-arm's length transaction and because the two companies shared headquarters, employees, customers and owners. (*Id.* at ¶¶ 18-23.)

The Fund assessed withdrawal liability in May 2014, following the Union's February 2014 notice to Schenkel & Sons that the Union was terminating any collective bargaining agreement then in effect. (*Id.* at ¶ 12; Dkt. 43-2 at 32, 36.) The Fund gave notice of the

assessment and demanded payment in accordance with a statutorily calculated payment schedule. (Dkt. 1 at ¶ 38; Dkt. 43-2 at 36-42.)

      **B.    Schenkel & Sons Requested Review of the Assessment and Timely Initiated Arbitration.**

Schenkel & Sons invoked its right under 29 U.S.C. § 1399(b)(2)(A)(i) to have the Trustees of the Fund review the withdrawal liability assessment. Schenkel & Sons disputed the Fund's assessment based on its position that the company had not continued operating in the construction industry, which made it exempt from withdrawal liability under ERISA's construction industry exception to withdrawal liability. (Dkt. 34-2.) In its request for review, Schenkel & Sons emphasized what it believed was the most pertinent language of the construction industry exception:

> (2) A **withdrawal occurs** under this paragraph if --
>> (A) an employer ceases to have an obligation to contribute under the plan, and
>> (B) **the employer** –
>>> (i) **continues to perform work in the jurisdiction of the collective bargaining agreement** of the type for which contributions were previously required, or
>>> (ii) **resumes such work within 5 years after the date on which the obligation to contribute under the plan ceases,** and does not renew the obligation at the time of the resumption.

(*Id.* at 3 (emphasis in original).) Schenkel & Sons requested that the Fund vacate the assessment because Schenkel & Sons "discontinued performing work in the construction industry completely…." (*Id.* at 4-5.)

The Fund determined there was no basis for modifying the previous assessment of a complete withdrawal. (Dkt. 34-3.) The Fund's review revealed a significant level of overlap and interrelationship between the two Schenkel entities that warranted treating the entities as alter egos or single employers for purposes of withdrawal liability. (*Id.* at 2.)

Schenkel & Sons timely initiated arbitration within 60 days of the Fund's denial of Schenkel & Sons' request for review.  (Dkt. 34-4 at 2, 5.)  Again, Schenkel & Sons took the position that the company satisfied the construction industry exception because it was no longer in business and performed no work in the construction industry.  (*Id.* at 4.)  The hearing in the arbitration was scheduled for September 24-25, 2015.

### C. Schenkel & Sons Filed a Pre-Hearing Motion for Judgment Under a New Theory One Week Before The Arbitration Hearing.

One week before the start of the arbitration, Schenkel & Sons filed a Pre-Hearing Motion for Judgment in lieu of a prehearing brief.  (Dkt. 43-2.)  Schenkel & Sons claimed that the Union lacked the authority to terminate the CBA through its February 2014 letter, which meant the CBA remained in effect and Schenkel & Sons continued having an obligation to contribute to the Fund.  (*Id.*)  In short, Schenkel & Sons was exempt from withdrawal liability based on the Union's allegedly improper termination.

During a conference call on September 21, the Arbitrator advised that he would not be able to consider the motion in advance of the hearing and the Fund would be permitted to respond to the Motion for Judgment in post-hearing briefing.  (Dkt. 43-1 at 22.)  Schenkel & Sons did not ask to postpone the two-day hearing.  (*Id.*)  Schenkel & Sons' submission of the Pre-Hearing Motion for Judgment was the first notice that the Arbitrator[1] (or the Fund) received that such a motion would be filed.  (*Id.*)  Although scheduled for two-days, the parties completed the hearing in one day.

---

[1] Originally, Schenkel & Sons was dismissive of Fund counsel's suggestion to include a dispositive motion deadline in the arbitration schedule.  (*See* Dkt. 34 at 6.)  At the scheduling conference in the arbitration, Schenkel & Sons' counsel indicated that there was no need for dispositive motions because the alter ego and single employer tests were fact intensive inquiries that could not be resolved without a hearing.

4

### D. Hearing Held and Award Issued Finding No Withdrawal Liability and Denying Request for Fees.

The Arbitrator issued the Award following post-hearing briefing and held that Schenkel & Sons did not owe withdrawal liability at this time. In granting Schenkel & Sons' Pre-Hearing Motion for Judgment, the Arbitrator found that Schenkel & Sons continued to have an obligation to contribute to the Fund, despite not having any employees or continued operations, because the Union lacked the authority to terminate or disclaim the bargaining relationship during the term of the CBA. (Dkt. 43-1 at 20.)[2] Because the first element required for an assessment of withdrawal liability was lacking, the Arbitrator concluded that Schenkel & Sons carried its burden of proof that the Fund's determination of withdrawal against Schenkel & Sons was "unreasonable or clearly erroneous." (*Id.* at 10, 20.) However, the Arbitrator acknowledged that Schenkel & Sons can be reassessed withdrawal liability upon the expiration of the current CBA on May 31, 2017. (*Id.* at 19-20.)

After determining Schenkel & Sons did not owe withdrawal liability, the Arbitrator concluded that Schenkel & Sons was not entitled to its requested fees. The Arbitrator refused to exercise his discretion to award fees notwithstanding the allegations Schenkel & Sons offered in support of its request for fees. (Dkt. 43-1 at 21-22.) The Award concluded:

> Schenkel & Sons, Inc.'s [*sic*] requests that the Award in this matter require the Fund to pay Schenkel & Sons, Inc.'s attorney's fees incurred in defending against its withdrawal liability assessment, or, alternatively, to order the Fund to pay all of the costs associated with this arbitration, are denied.
>
> The parties are to bear their own attorney's fees and costs, and to share equally in the cost of the arbitration and in obtaining a transcript of the proceeding.

---

[2] Given his finding, the Arbitrator did not address the alter ego or single employer issue, what both parties previously represented to this Court would be the focus of the arbitration. (Dkt. 40 at 6 ("The parties also agree that the focus of the arbitration is whether [SCI] is an alter ego or single employer with [Schenkel & Sons].")

(Dkt. 43-1 at 23.)  The Arbitrator explained one of the reasons for denying Schenkel & Sons' request for attorneys' fees, as follows:

> It appears that the reason for Schenkel & Sons incurring most, if not all, the attorney's fees it seeks is the failure of Schenkel & Sons to raise the issue of its continuing to have an obligation to pay the Fund earlier in this proceeding, which would have allowed for an early determination of that issue and possible elimination of the necessity of a hearing and briefing on the other issues in this case.

(*Id.* at 22.)  Additionally, Schenkel & Sons did not request to postpone the hearing after being informed that the Arbitrator could not give proper consideration to the issue raised in Schenkel & Sons' pre-hearing brief due to the late timing of the filing.  (*Id.* at 22.)

Unsatisfied with the Arbitrator's Award denying Schenkel & Sons' request for fees, Schenkel & Sons moved to dismiss the Fund's pending claim for interim withdrawal liability and asked for an award of fees denied in the Award.  (*See* Dkt. 42.)

## II.     FUND INSTITUTED FEDERAL COURT PROCEEDING TO COLLECT INTERIM WITHDRAWAL LIABILITY PAYMENTS.

The Fund commenced this action on October 24, 2014 to collect delinquent quarterly payments of withdrawal liability while Schenkel & Sons pursued its right to challenge the assessment.  (Dkt. 1 at 9-10.)  Despite the Fund's assessment and demand for payment, Schenkel & Sons failed to make its first and second quarterly installment payments.  (*Id.* at ¶¶ 38-39.)  In this collection action, the Fund sought delinquent payments, liquidated damages, and attorneys' fees and an order requiring that Schenkel & Sons and its alter ego abide by the withdrawal liability payment schedule unless or until an arbitrator changed the amount of the payment schedule.  (*Id.* at 7-10.)

### A. Schenkel & Sons and SCI Filed Answers and Defenses to the Fund's Complaint.

Schenkel & Sons and SCI filed separate answers to the Fund's complaint. (Dkts. 30-31.) In its Answer, Schenkel & Sons took the position that the lawsuit was premature because the parties had not completed the arbitration process. (*See, e.g.* Dkt. 30 at 2.) Schenkel & Sons affirmatively answered that it had "gone out of business and does not perform work in the construction industry." (*Id.* at 10.) In reference to the allegation that the Union sent notice to Schenkel & Sons that it was terminating the CBA, Schenkel & Sons acknowledged receipt of the letter, but denied that the Union had the unilateral right to do so. (*Id.* at 5.)

Schenkel & Sons also raised nine Affirmative and Other Defenses in its Answer. (*Id.* at 18-19.) Among them, Schenkel & Sons claimed that the Fund had failed to satisfy administrative prerequisites and claimed that "[s]ome or all of Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs' claims against Schenkel & Sons are frivolous." (*Id.*)

### B. Schenkel & Sons and SCI Move to Stay the Collection Action Based On Judicial Economy.

After filing their Answers and participating in a pretrial conference, Defendants jointly moved to stay the proceedings. (Dkt. 33.) In support of their motion, Defendants offered: "At the arbitration, the *only issue to be decided* is whether [Schenkel & Sons] is considered an alter ego of SCI." (Dkt. 34 at 2 (emphasis added).) Schenkel & Sons correctly noted that "[t]he Fund does not dispute that this is the central issue before the arbitrator." (*Id.*) The Defendants argued that judicial economy warranted a stay of the proceedings because "the ***only*** dispute between [Schenkel & Sons] and the Fund is whether Schenkel & Sons and SCI are alter egos." (*Id.* at 8 (emphasis in original).)

The Fund opposed a stay because Seventh Circuit precedent mandates interim payments unless an employer can satisfy a limited exception that requires proof that the assessment is

7

frivolous *and* the payments would cause irreparable harm.  (Dkt. 38 at 2.)  The Fund urged the Court to deny the stay because Schenkel & Sons had not attempted to demonstrate the Fund's claim was frivolous in moving for a stay.  (*Id.* at 12.)

After the Fund highlighted Schenkel & Sons' failure to address or substantiate either of the two elements required to avoid interim payments, Defendants filed a reply brief that asserted the claim was frivolous because the facts contained in two affidavits "demonstrate that there is not an alter ego and/or single employer relationship between [Schenkel & Sons] and SCI."  (Dkt. 39 at 12.)  Again Schenkel & Sons acknowledged that the parties agreed that the "central issue for arbitration was whether Schenkel & Sons had an alter ego relationship with SCI."  (*Id.* at 10.)

### C. Court Granted Stay With Respect to Claim Against SCI Which Caused Parties to Focus Efforts on Arbitration.

This Court denied the motion to stay with respect to Schenkel & Sons, but granted the motion with respect to SCI.  The Court agreed with the Fund that Schenkel & Sons could not use a motion to stay to avoid its interim withdrawal liability obligations.  (Dkt. 40 at 3.)  The Court also found that Schenkel & Sons "ha[d] not tried to show that the Fund's claim is frivolous."  (*Id.* at 5.)  Since the only motion pending was for Defendants' Motion to Stay, the Court advised that whether the Court should order interim payments was not squarely before the court.  (*Id.*)  The Order allowed the Fund to pursue interim withdrawal liability payments against Schenkel & Sons if desired.  (*Id.* at 7.)

The Fund deferred seeking interim payments, liquidated damages and attorneys' fees from the defunct Schenkel & Sons.[3]  With the exception of a notice of reassignment from Judge

---

[3] In connection with its Motion to Stay, Schenkel & Sons submitted affidavits that the company had no assets and officially ceased operations on January 1, 2014.  (Aff. Mark Schenkel, Dkt. 39-3, ¶¶ 5-6.)

8

Debra McVicker Lynch to Judge Matthew P. Brookman, there were no filings in this action from the Order on the Motion to Stay until Schenkel & Sons filed its motion to dismiss.

### D. Schenkel & Sons Moved To Dismiss Withdrawal Liability Collection Action And Requested Attorneys' Fees Following Arbitration.

The week after the Arbitrator issued his award, Schenkel & Sons filed its Motion to Dismiss and Request for Attorneys' Fees. (Dkt. 42.) Schenkel & Sons' motion and brief in support omit any reference to the fact that the Arbitrator considered and rejected Schenkel & Sons' request for fees in arbitration. (*See* Dkt. 43.) Schenkel & Sons also attempts to re-write the history of this case by asserting that Schenkel & Sons always contended that the Fund's assessment of withdrawal liability was frivolous, leaving the misimpression with the Court that Schenkel & Sons asserted that the assessment was frivolous because the CBA was not properly terminated by the Union. Schenkel & Sons never raised this argument in any briefs filed with the Court, or during the status conference with the Court. (*See, e.g.* Dkt. 40 at 6 ("The parties also agree that the focus of the arbitration is whether [SCI] is an alter ego or single employer with [Schenkel & Sons].")

## ARGUMENT

### I. SCHENKEL & SONS' REQUEST FOR DISMISSAL AND FEES IN THE ARBITRATION IS NOT PROPERLY BEFORE THE COURT.

Schenkel & Sons' Brief in Support of its Motion to Dismiss and Request for Fees is devoid of any legal authority allowing the Court to grant Schenkel & Sons the relief it requests. In fact, Schenkel & Sons does not even cite the rule under which it moves to dismiss this case. (Dkt. 42.) Schenkel & Sons cannot move to dismiss under Fed. R. Civ. P. 12(b) because it filed a responsive pleading more than a year ago. (*See* Dkt. 30). The motion to dismiss also ignores that SCI is a defendant, and that Schenkel & Sons' motion cannot affect claims as between the Fund and SCI. In essence, Schenkel & Sons asks the Court to dismiss this action based on the

9

outcome at arbitration, but as will be discussed in section II, the Arbitrator's conclusion concerning an employer's liability for withdrawal liability does not resolve an action seeking interim withdrawal liability payments.

By seeking fees in connection with a motion to dismiss, Schenkel & Sons asks the Court to modify the Arbitrator's Award *sub silentio*.  Schenkel & Sons omits from its brief the fact that the Arbitrator already considered and rejected Schenkel & Sons' request for fees incurred in defending against the withdrawal liability assessment.  Under MPPAA, any party that wants to "enforce, vacate or modify the arbitrator's award" may "bring an action, no later than 30 days after the issuance of an arbitrator's award, in an appropriate United States district court…" 29 U.S.C. § 1401(b)(2).  Although section 1401(b)(2) is not ambiguous, the Fourth Circuit Court of Appeals confirmed that "the plain meaning of these provisions can only lead to the conclusion that a party seeking review of an MPPAA arbitration award must do so by commencing a civil action in a district court by filing a complaint to vacate or modify the award." *Freight Drivers & Helpers Local Union No. 557 Pension Fund v. Penske Logistics LLC*, 784 F.3d 210, 215 (4th Cir. 2015).  After the party seeking to vacate or modify an award commences an action, the parties "pursu[e] that action thereafter in accordance with the Federal Rules of Civil Procedure." *Id.* at 217.

Schenkel & Sons' attempt to modify the Arbitrator's Award through a motion to dismiss disregards MPPAA's plain language and deprives the district court of the opportunity to review the Arbitrator's factual and legal conclusions based on a full record.  The district court must have the benefit of the full record in deciding whether to modify an arbitrator's award because the arbitrator's factual findings are entitled to a "presumption, rebuttable only by a clear preponderance of the evidence, that the findings of fact made by the arbitrator were correct." 29

U.S.C. § 1401(c). The arbitrator's finding on a mixed question of law and fact is reviewed for clear error. *Nestle Holdings, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund*, 204 F. Supp. 2d 1113, 1116 (N.D. Ill. 2002)(citing *Cent. States, Se. & Sw. Areas Pension Fund v. Nitehawk Exp., Inc.*, 223 F.3d 483, 488 (7th Cir. 2000)). "A finding is clearly erroneous if the reviewing court, after acknowledging that the factfinder below was closer to the relevant evidence, is firmly convinced that the factfinder erred." *Nitehawk Exp.*, 223 F.3d at 488-89.

This Court cannot be placed in a position to be firmly convinced that the Arbitrator erred in denying Schenkel & Sons' request for attorneys' fees based on Schenkel & Sons' gloss on the proceedings.[4] The Award contained no finding that the Fund initiated or contested the arbitration in bad faith. There was also no hint or suggestion that the Fund engaged in dilatory, harassing, or other improper conduct during the course of the proceeding. *See* 29 C.F.R. 4221.10 (identifying conduct that warrants cost shifting in a withdrawal liability arbitration.) Quite the contrary, the Arbitrator concluded that "most, if not all," of the fees Schenkel & Sons sought resulted from Schenkel & Sons' own failure to raise what proved to be the dispositive issue earlier in the proceeding. (Dkt. 43-1 at 22.)

Schenkel & Sons has never challenged the authority of the Arbitrator to decide all issues, including any award of fees, relating to the withdrawal liability assessment to Schenkel & Sons. The Award identified that the Arbitrator had the authority to award fees under both the MPPAA, 29 U.S.C. § 1401(a)(2) and AAA Rules, R. 47(c). (Dkt. 43-1 at 21-22.) After considering Schenkel & Sons' allegations offered in support of its request for fees, the Arbitrator refused to exercise his discretion to award them. (*Id.*) The Award concluded that the parties should "bear

---

[4] Although Schenkel & Sons purports to quote hearing testimony from the Fund's Trustees in its Brief in Support, *see* Dkt. 43 at 4, Schenkel & Sons did not provide the hearing transcript to the Court and its citation is to the section of the Arbitrator's Award that copied Schenkel & Sons' allegations from its own Post-Hearing Reply Brief. In effect, Schenkel & Sons asks this Court to overrule the determination of the Arbitrator who received the testimony in person, based on Schenkel & Sons' selective quotation and characterization of the witness's testimony.

11

their own attorney's fees and costs, and to share equally in the cost of the arbitration and in obtaining a transcript of the proceeding." (*Id.* at 23.) If Schenkel & Sons wants to take issue with either the Arbitrator's factual or legal findings, the MPPAA identifies the procedural steps Schenkel & Sons must take to modify the Arbitrator's Award. 29 U.S.C. § 1401(b)(2).

The Court should deny Schenkel & Sons' Motion to Dismiss and Request for Attorneys' Fees because Schenkel & Sons has cited no authority allowing for the dismissal of an interim payment collection action as a matter of right following a withdrawal liability action and the request for fees is an improper attempt to modify the Arbitrator's Award without abiding by 29 U.S.C. § 1401(b)(2).

## II.   SCHENKEL & SONS IS NOT ENTITLED TO FEES RELATED TO THIS COLLECTION ACTION.

Schenkel & Sons' Motion to Dismiss and Request for Attorneys' Fees seems aimed at recovery of all of its fees incurred in both the arbitration and collection action and is untenable for the reasons addressed above. However, Schenkel & Sons' request for attorneys' fees, even if limited to costs incurred to date in this action are not recoverable under applicable law because Schenkel & Sons has not prevailed in this action.

Schenkel & Sons is not a prevailing party in this action merely because it prevailed in the Arbitration. An action seeking interim payments "accomplishes a goal entirely different from the arbitration on the merits." *Nitehawk Exp., Inc.*, 223 F.3d at 496. Because the interim payments are unrelated to ultimate liability in the withdrawal liability arbitration, courts do not evaluate the merits of the interim payment action in relation to the outcome at arbitration. *See id.* (explaining "the Fund's victory in securing interim payments cannot be undone by a loss at the merits stage). A district court even awarded liquidated damages, attorneys' fees and costs incurred in connection with a pension fund's interim withdrawal liability action after the pension

fund did not prevail in its withdrawal liability arbitration and was assessed attorneys' fees by the arbitrator for dilatory conduct in the arbitration. *Greater Pennsylvania Carpenter's Pension Fund v. Novinger's, Inc.*, No. CIV.A. 14-956, 2015 WL 5691093, at *3 (W.D. Pa. Sept. 28, 2015), *appeal docketed*, No. 15-3611 (3d Cir. Oct. 30, 2015). That is, the district court's award of attorneys' fees and liquidated damages to the pension fund was completely divorced from the arbitrator's determination of withdrawal liability and award of attorneys' fees to the employer. *Id.* (noting "[i]t is of no import that the ultimate disposition of a case may be in an employer's favor; interim withdrawal payments are mandatory.")

Before Schenkel & Sons can even be *eligible* to recover some or all of its fees in *this* action only,[5] Schenkel & Sons must prevail on the interim payment issue. To do so, Schenkel & Sons must properly present the merits of the claim for decision by the Court, subject to full briefing and possibly an evidentiary hearing, brought pursuant to an appropriate procedural rule. Even then an award of fees for Schenkel & Sons is not certain.

While a district court shall award attorneys' fees to a pension fund if it prevails in an interim collection action, *see, e.g. Cent. States, Se. & Sw. Areas Pension Fund v. Murphy Bros., Inc.*, 772 F. Supp. 2d 918, 922, (N.D. Ill. 2011)(citing *Central States, Se. and Sw. Areas Pension Fund v. Slotky,* 956 F.2d 1369, 1377 (7th Cir. 1992), the same is not true with respect to an employer who prevails in the interim payment action. *See, e.g.* 29 U.S.C. § 1451 (noting the court "may award all or a portion of the costs and expenses incurred…to the prevailing party"); *Sigmund Cohn Corp. v. Dist. No. 15 Machinists Pension Fund by its Bd. of Trustees*, 804 F. Supp. 490, 495-96 (E.D.N.Y. 1992)(explaining when the prevailing party is the employer, "courts exercise cautiously the discretionary power to award fees.")). In deciding whether to

---

[5] As explained above, Schenkel & Sons cannot obtain its attorneys' fees and costs from the arbitration via recourse to the federal court without abiding by 29 U.S.C. § 1401(b)(2).

award fees against a pension fund, the Court would have to consider whether the Fund's position was "substantially justified and taken in good faith, or was that party simply out to harass its opponent?"[6] *Cent. States, Se. & Sw. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 272 F.3d 1000, 1004 (7th Cir. 2001). In considering whether to award fees against a pension fund that failed to establish the propriety of its assessment based on a timing issue, the Seventh Circuit cautioned that although the employer had won the battle, there was no reason to think the employer would not be reassessed once the Fund rectified the deficiency, and that weighed against an award of attorneys' fees. *Id.* at 1004. Ultimately, the determination of the fee issue will depend on all the circumstances of the case. *Id.* at 1006.

Neither party moved for summary judgment in this action following the partial stay, which means that the Court has not determined whether Schenkel & Sons is exempt from its interim withdrawal liability obligations. Since it is undisputed that Schenkel & Sons failed to make interim payments, the resolution of this action will depend on whether Schenkel & Sons can establish both that the Fund's claim was frivolous and the payment of withdrawal liability would cause irreparable harm. The Fund maintains its position that the withdrawal liability assessment was non-frivolous and the Fund had a colorable claim for withdrawal liability notwithstanding the Arbitrator's agreement with Schenkel & Sons that the assessment was premature given the CBA's expiration date.

The record before this Court and the limited record Schenkel & Sons offered from the arbitration belie Schenkel & Sons' argument in its brief that the Fund's assessment was frivolous. Although Schenkel & Sons now proclaims that the Fund's position is "100% legally incorrect" and "federal court decision after decision repeat the black letter law" that a CBA cannot be

---

[6] The Seventh Circuit notes that it has described the approach district courts should take in determining whether to award fees in two ways, but both formulations are alternative ways of making the same basic point. *Hunt Truck Lines, Inc.*, 272 F.3d at 1004.

14

unilaterally terminated, it is telling that Schenkel & Sons failed to consider this argument during its nearly one and a half year challenge to the withdrawal liability assessment, even when pressed for its basis that the claim was frivolous.[7] (Dkt. 39 at 12 (identifying facts contained in affidavits "demonstrate that there is not an alter ego and/or single employer relationship").) In fact, time and again, Schenkel & Sons represented to this Court that the only issue for the arbitration was SCI's alter ego status, suggesting the parties agreed there was nothing improper with the Union's termination or disclaimer of the bargaining relationship.

The Arbitrator's Award also undermines Schenkel & Sons' rhetoric that the case law is "crystal clear" on the now challenged action of the Union. (*See* Dkt. 43-1 at 13 (identifying that neither party had cited any case law precisely on point.)) In finding that the Union lacked the authority to disclaim its bargaining relationship with Schenkel & Sons, the Arbitrator relied on a single case from 1988, and as reflected in *Rubber Associates*, contrary authority exists that the Arbitrator did not address indicating that a Union disclaimer of a bargaining relationship can trigger an employer's withdrawal. (*See* Dkt. 43-1 at 17.)

The Sixth Circuit Court of Appeals recently affirmed a withdrawal liability assessment that was prompted by a union's disclaimer of an employer—a decision that underscores the reasonableness of the Fund's belief that the Union's disclaimer of interest could trigger an assessment of withdrawal liability against Schenkel & Sons. *United Food & Commercial Workers Union-Employer Pension Fund v. Rubber Associates, Inc.*, 812 F.3d 521, 523-24 (6th Cir. 2016). In *Rubber Associates*, the Sixth Circuit Court of Appeals upheld an assessment of

---

[7] It is also revealing that Schenkel & Sons never rejected or even responded to the Union's February 2014 notice of termination letter. As noted above, Schenkel & Sons first challenged the contract termination a week before the arbitration, which was a basis for the Arbitrator's finding that "It appears that the reason for Schenkel & Sons incurring most, if not all, the attorney's fees it seeks is the failure of Schenkel & Sons to raise the issue of its continuing to have an obligation to pay the Fund earlier in this proceeding, which would have allowed for an early determination of that issue and possible elimination of the necessity of a hearing and briefing on the other issues in this case." (Dkt. 43-1 at 22.)

15

withdrawal liability that was prompted by a union-mandated withdrawal when the union disclaimed interest in representing any employees of the employers. In reviewing legislative history surrounding MPPAA, the Sixth Circuit noted that the Pension Benefit Guaranty Corporation ("PBGC") studied union-mandated withdrawals and recommended that Congress take no action with respect to withdrawal liability assessments when the employer's withdrawal was caused by unilateral union action. *Id.* at 526. In the more than 20 years since the PBGC issued its recommendation, Congress has not provided equitable relief to employers who are subject to withdrawal liability based on union action. *Id.* at 528. Given the Sixth Circuit's ruling, a pension fund's assessment of withdrawal liability based on a union disclaimer is not without precedent. Although the Arbitrator disagreed with the Fund's argument that Schenkel & Sons' ceased having an obligation to contribute to the plan after the Union disclaimed interest, the Arbitrator's conclusion on this issue does not render the Fund's position frivolous.

  Schenkel & Sons asks this Court to award fees before Schenkel & Sons has prevailed in this action and without having the Court undertake any of the analysis required that would permit an award of fees in this case. Only if Schenkel & Sons prevails in the interim collection action by establishing that the Fund's assessment of withdrawal liability was frivolous and establishes that the Fund maintained the action to harass Schenkel & Sons will it be in a position to recover the fees incurred in *this* action. But that issue is not squarely before this Court. Schenkel & Sons cannot rely on the arbitration Award to obtain a dismissal of this action, to seek to modify the arbitration Award by recovering fees the Arbitrator denied, and to have this Court award fees incurred in this interim collection action without first prevailing following judgment on the merits. *See Novinger's,* 2015 WL 5691093, at *3.

## CONCLUSION

For the above mentioned reasons, Schenkel & Sons' Motion to Dismiss and Request For Fees should be denied as a procedurally improper attempt to dismiss this action, to modify the Arbitrator's Award denying Schenkel & Sons' fees in the Arbitration proceeding, and to recover fees associated in the Fund's collection action without having prevailed in this action.

Dated this 28th day of March, 2016.

> *s/ Alexander B. Handelsman*
> Sarah A. Huck
> shuck@reinhartlaw.com
> Alexander B. Handelsman
> ahandelsman@reinhartlaw.com
> Reinhart Boerner Van Deuren s.c.
> 1000 North Water Street, Suite 1700
> Milwaukee, WI 53202
> *Admitted Pro Hac Vice*
>
> Mailing Address:
> P.O. Box 2965
> Milwaukee, WI 53201-2965
> Telephone:  414-298-1000
> Facsimile:  414-298-8097
>
>
> Paul T. Berkowitz
> ptb@ptblaw.com
> Paul T. Berkowitz & Associates, Ltd.
> 123 West Madison, Suite 600
> Chicago, Illinois 60602
> Telephone: (312) 419-0001
> Facsimile: (312)419-0002
>
> Attorneys for Plaintiffs, Trustees of the
> INDIANA STATE COUNCIL OF
> CARPENTERS PENSION FUND

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2016, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Southern District of Indiana by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<em>s/ Alexander B. Handelsman</em>

33718953v3