UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK MCGRIFF and WILLIAM NIX, Trustees, on behalf of INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND,<br><br>Plaintiffs,<br><br>v.<br><br>SCHENKEL & SONS, INC., and SCHENKEL CONSTRUCTION, INC.,<br><br>Defendants. | Case No. 1:14-cv-01742-TWP-MPB |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR ATTORNEYS' FEES

This matter is before the Court on a Motion to Dismiss and Request for Attorneys' Fees filed by Defendant Schenkel & Sons, Inc. ("Schenkel") ([Filing No. 42](#)). Plaintiffs Mark McGriff and William Nix, Trustees of the Indiana State Council of Carpenters Pension Fund ("the Fund"), brought this action on behalf of the Fund to collect interim withdrawal liability payments from Schenkel and co-defendant Schenkel Construction, Inc. ("Schenkel Construction"). Following the Indiana/Kentucky/Ohio Regional Council of Carpenters and its predecessors ("the Union") unilateral termination of the collective bargaining agreement between the Union and Schenkel, the Fund demanded withdrawal liability payments from Schenkel. When Schenkel disputed its withdrawal liability, the Fund initiated this litigation for interim withdrawal liability payments. Schenkel initiated arbitration between the parties, and after the arbitration resolved the withdrawal liability dispute, Schenkel moved for dismissal of this action for interim withdrawal liability payments. For the following reasons, the Court **grants** the Motion to Dismiss but **denies** the request for fees.

# I. BACKGROUND

The Fund is a multiemployer pension plan under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, which is administered in Indianapolis, Indiana. Plaintiffs Mark McGriff and William Nix are Trustees of the Fund and may initiate litigation as fiduciaries on behalf of the Fund under ERISA.

Schenkel is a family-owned and operated Indiana corporation based in Fort Wayne, Indiana, which was engaged in the building and construction industry when it participated in the Fund. In 2012, Schenkel began to cease its operations and wind up its business. On January 1, 2014, Schenkel officially ceased all operations. Schenkel Construction also is an Indiana corporation based in Fort Wayne, Indiana. It is engaged in the building and construction industry.

Schenkel participated in the Fund pursuant to collective bargaining agreements with the Union, which consisted of local unions of the Indiana/Kentucky/Ohio Regional Council of Carpenters and its predecessors. Schenkel and the Union most recently entered into a collective bargaining agreement in 2012, and the term of the agreement is March 13, 2012 through May 31, 2017 (Filing No. 43-2 at 29). Schenkel was considered an "employer" under ERISA, and the collective bargaining agreement between Schenkel and the Union required Schenkel to pay contributions to the Fund on behalf of bargaining unit employees working in the construction industry (Filing No. 43-2 at 23–24). Schenkel last contributed to the Fund in December 2013 (Filing No. 1 at 3).

In February 2014, during the term of the current collective bargaining agreement, the Union sent a notice through its counsel that it was unilaterally terminating the collective bargaining agreement then in effect with Schenkel. The Union terminated the agreement and indicated that it

had no interest in entering into further collective bargaining agreements with Schenkel ([Filing No. 43-2 at 32](Filing No. 43-2 at 32)). Based on the termination of the collective bargaining agreement, in May 2014, the Fund determined that Schenkel completely withdrew from the Fund for the plan year ending March 31, 2014, and thus, according to the Fund, Schenkel became liable for withdrawal liability payments.[1] On May 7, 2014, the Fund notified Schenkel that it had been assessed a withdrawal liability of more than $1.8 million ([Filing No. 43-2 at 36](Filing No. 43-2 at 36)). In the Fund's letter, it demanded that Schenkel make its first quarterly payment by June 1, 2014.

Schenkel did not pay any withdrawal liability payments by June 1, 2014. In response to Schenkel's inaction, the Fund sent another letter to Schenkel dated June 23, 2014. In this letter, the Fund demanded payment of the June 1, 2014 quarterly installment plus interest.

On August 4, 2014, Schenkel formally requested a review of the Fund's withdrawal liability assessment. Schenkel disputed any withdrawal liability. It noted that it was no longer in business, was not a viable company, and possessed no assets. It asserted that it was protected by the "construction industry exception" under ERISA because it was no longer operating in the construction industry. Schenkel also denied that it was obligated to make any interim payments ([Filing No. 34-2 at 2](Filing No. 34-2 at 2)).

On October 24, 2014, the Fund initiated this lawsuit against Schenkel and Schenkel Construction. The Fund brought the litigation under ERISA, asserting that Schenkel was liable to make interim withdrawal liability payments while the parties disputed the final withdrawal liability. Schenkel Construction was included as a defendant in the case because the Fund asserted

---

[1] Under 29 U.S.C. § 1383(b), an employer engaged in the building and construction industry experiences a complete withdrawal when it ceases to have an obligation to contribute to the plan and continues to perform work of the type that required contributions to the plan within the jurisdiction of the collective bargaining agreement. When an employer experiences a complete withdrawal, withdrawal liability may be assessed against the employer based on unfunded vested benefits. 29 U.S.C. § 1381. However, ERISA allows an employer to request a review of any assessment of withdrawal liability. 29 U.S.C. § 1399(b)(2).

3

that Schenkel Construction was the alter ego of Schenkel or a continuation of the same company, just under a new name.

On November 19, 2014, the Fund responded to Schenkel's request for review, asserting that there was no basis to modify the Fund's prior assessment for complete withdrawal liability in the amount of more than $1.8 million ([Filing No. 34-3 at 2](#)).

Pursuant to its rights under ERISA, on December 18, 2014, Schenkel initiated arbitration to resolve the parties' dispute regarding Schenkel's withdrawal liability. In its notice initiating arbitration, Schenkel again raised the construction industry exception to dispute withdrawal liability, and it also asserted that it fell within ERISA's exception to the requirement of "pay now, dispute later" because the Fund's claim was frivolous, and making Schenkel pay interim payments during the pendency of the dispute would cause irreparable harm ([Filing No. 34-4 at 2](#)).

Schenkel and Schenkel Construction answered the Fund's Complaint on January 9, 2015, denying any liability, asserting that Schenkel had not experienced a complete withdrawal, noting that the Fund could not unilaterally terminate the collective bargaining agreement, and explaining that Schenkel Construction was not the alter ego of Schenkel.

Soon after filing their Answers, Schenkel and Schenkel Construction filed a motion with the Court to stay the litigation pending the outcome of the ongoing arbitration ([Filing No. 33](#)). On March 13, 2015, the motion to stay was granted in part and denied in part, allowing the claim against Schenkel to proceed but staying the litigation against Schenkel Construction. The Court determined that the issue of whether Schenkel Construction was the alter ego of Schenkel should be resolved by the arbitration.

Regarding the denial of a stay for Schenkel, the Court noted that "whether or not the court should grant relief because [Schenkel] has not made interim withdrawal liability payments is not

squarely before the court at this point. The motion before the court is the defendants' request for a wholesale stay of this litigation pending the arbitration." ([Filing No. 40 at 5](#).) The Court further explained, "[t]he court will not prevent the Fund from moving for an order against [Schenkel] requiring interim withdrawal payments. If such a motion is made, the Fund and [Schenkel] can put squarely before the court the matters (frivolousness and irreparable harm) pertinent to resolution of such a motion." ([Filing No. 40 at 7](#).) However, the Fund never filed such a motion with the Court. Instead, the Fund and Schenkel focused their efforts on the pending arbitration. Thus, the Fund incidentally put on hold its efforts to pursue interim withdrawal liability payments.

The parties' arbitration continued to progress, and on February 29, 2016, the arbitrator issued a decision in favor of Schenkel ([Filing No. 43-1](#)). The arbitrator determined that the Union could not unilaterally terminate the collective bargaining agreement between Schenkel and the Union, and thus, the collective bargaining agreement was still in effect, which required Schenkel to continue paying contributions to the Fund until May 31, 2017. As a result, the arbitrator concluded, Schenkel had not experienced a complete withdrawal from the Fund and therefore could not be liable under ERISA for withdrawal liability payments. The arbitrator determined that the Fund's assessment of withdrawal liability was in error, and Schenkel had no obligation to make any withdrawal liability payments. The arbitrator also concluded that neither party was entitled to its attorney fees and costs ([Filing No. 43-1 at 23](#)).

On March 9, 2016, Schenkel filed its Motion to Dismiss this action. Schenkel asserted that this case should be dismissed because the Fund's assessment of withdrawal liability was based on a false legal premise and the arbitrator had determined that Schenkel had no withdrawal liability. Schenkel also requested an award of attorney fees for defending this case.

5

## II. DISCUSSION

In moving to dismiss this action for interim withdrawal liability payments following the favorable arbitration decision, Schenkel fails to specify under which procedural rule its motion is brought. However, before beginning any analysis, the Court must ensure that jurisdiction exists throughout the life of the case because, where jurisdiction is lacking, dismissal is appropriate. *See Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998) ("If a case becomes moot, the court loses jurisdiction, even though the case was not moot when filed.").

The Supreme Court recently explained,

> Article III of the Constitution limits federal-court jurisdiction to "cases" and "controversies." We have interpreted this requirement to demand that an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed. If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot.

*Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (U.S. 2016) (citations and quotation marks omitted). The Seventh Circuit similarly explained this principle:

> Article III of the United States Constitution confers on the federal courts jurisdiction over cases and controversies. Both litigants must have a personal interest in the case at the beginning of the litigation, and their interests must persist throughout its entirety. A case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit.

*Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994) (citation omitted). Therefore, "[a] case is moot when there is no live controversy between the parties on the merits of the underlying claim." *Breneisen v. Motorola, Inc.*, 656 F.3d 701, 706 (7th Cir. 2011).

When there is no live controversy between the parties, the case becomes moot. And when a case becomes moot, the Court is deprived of jurisdiction. *Walters*, 163 F.3d at 432.

> When a court finds that it lacks jurisdiction, it is improper for it to proceed to the merits of the issue. Without jurisdiction the court cannot proceed at all in any cause.

> Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.

*United States v. Rachuy*, 743 F.3d 205, 211 (7th Cir. 2014) (citation and quotation marks omitted).

The Fund begins its response in opposition to Schenkel's Motion to Dismiss by acknowledging the significance of the arbitrator's decision. The Fund asserts, "[i]gnoring that the Arbitrator's decision is dispositive as to any issue relating to the withdrawal liability, including the attorneys' fees request, Schenkel & Sons now tries its luck with this Court . . . ." ([Filing No. 44 at 1](#)–2.) By so stating, the Fund acknowledges that the arbitrator's decision is binding concerning the parties' dispute over withdrawal liability.

The Fund initiated this litigation for one purpose—to seek *interim* withdrawal liability payments from Schenkel (and Schenkel Construction under a theory of joint liability as Schenkel's alter ego) while the parties disputed Schenkel's withdrawal liability. Indeed, ERISA establishes a "pay now, dispute later" framework to provide protection to multiemployer pension funds during liability disputes. *See* 29 U.S.C. § 1399(c)(2) ("Withdrawal liability shall be payable . . . notwithstanding any request for review or appeal of determinations of the amount of such liability.").

ERISA also compels parties to resolve their withdrawal liability disputes through arbitration. The statute plainly states, "[a]ny dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399 of this title shall be resolved through arbitration." 29 U.S.C. § 1401(a)(1). After the Fund initiated this lawsuit, Schenkel initiated arbitration to resolve the withdrawal liability dispute. Then the arbitrator issued its decision that Schenkel was not liable for withdrawal liability payments.

ERISA provides that either party to arbitration may bring an action in court to enforce, vacate, or modify the arbitrator's award within thirty days of the decision. *See* 29 U.S.C. § 1401(b)(2) ("Upon completion of the arbitration proceedings in favor of one of the parties, any party thereto may bring an action, no later than 30 days after the issuance of an arbitrator's award, in an appropriate United States district court in accordance with section 1451 of this title to enforce, vacate, or modify the arbitrator's award."). Neither the Fund nor Schenkel initiated a civil action in federal court within thirty days of the arbitrator's decision to enforce, vacate, or modify the arbitrator's award. Therefore, the arbitrator's decision regarding Schenkel's withdrawal liability is binding on the parties.

The Court invited the Fund to file a motion to compel interim withdrawal liability payments during the pendency of arbitration, *see* [Filing No. 40 at 7](), but the Fund chose to focus on the arbitration rather than pursue interim withdrawal liability payments. The parties are bound by the arbitrator's conclusion that Schenkel is not liable for withdrawal liability payments. The Fund's claim in this case for *interim* withdrawal liability payments while awaiting a decision regarding the foundational issue of withdrawal liability payments is now moot because the question of withdrawal liability payments has been decided in favor of Schenkel. Now that the controversy regarding *permanent, final* withdrawal liability has been resolved, there is no basis to pursue *interim* withdrawal liability. Simply put, there is no withdrawal liability. This "case" and "controversy" has become moot as a result of the arbitrator's award. Therefore, this Court is without jurisdiction to entertain the matter because there is no longer a live case or controversy between the parties, which is necessary for Article III courts of limited jurisdiction.

### III. CONCLUSION

The case and controversy between the Fund and Schenkel was fully resolved by the arbitrator's decision, thereby mooting this litigation and depriving this Court of jurisdiction. Therefore, the Court **GRANTS** Schenkel's Motion to Dismiss and Request for Attorneys' Fees (Filing No. 42). For the reasons explained in the arbitrator's decision, *see* Filing No. 43-1 at 20–22, the Court declines to award Schenkel its attorney fees, as requested in its Motion to Dismiss. Final judgment will issue under separate order.

**SO ORDERED.**

Date: 2/23/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Adam L. Bartrom
BARNES & THORNBURG
adam.bartrom@btlaw.com

William T. Hopkins, Jr.
BARNES & THORNBURG
tuck.hopkins@btlaw.com

Thomas Edward Moss
PAUL T. BERKOWITZ & ASSOCIATES
tom@ptblaw.com

Paul T. Berkowitz
PAUL T. BERKOWITZ & ASSOCIATES, LTD.
paul@ptblaw.com

Alexander B. Handelsman
REINHART BOERNER VAN DEUREN S.C.
ahandelsman@reinhartlaw.com

Sarah A. Huck
REINHART BOERNER VAN DEUREN S.C.
shuck@reinhartlaw.com

Ronald James Tirpak
SCHENKEL TIRPAK & KOWALCZYK
tirpakrj@hotmail.com